## BRACKETT *v.* HOITT.

The title of an administrator to the goods of the intestate takes effect from the decease, and he may maintain trespass for injuries committed upon them between that time and his appointment.

An action which is defeated by a formal defect in the proceedings is not a bar to another action for the same cause.

A suit against a deputy-sheriff, that has failed by reason of a formal defect, is no bar to an action for the same cause against the sheriff.

A copy of the case, made by the presiding justice of the Court of Common Pleas, and transferred to the Superior Court, being the case upon which the judgment in the last named court was rendered, and the foundation of the final judgment, is proper evidence to show what matters were litigated and decided in the suit.

TRESPASS, for taking and carrying away a horse, property of the plaintiff, of the value of one hundred dollars. The writ was dated the 27th day of December, 1848. The plaintiff, by a specification filed in the case, stated that the taking complained of was committed by one Benjamin T. Bartlett, a deputy of the defendant, on the 28th of February, 1846. The general issue was pleaded, accompanied with a brief statement, as follows : 1. That the plaintiff was not administrator at the time of the alleged taking, nor at the commencement of this suit. 2. That said Bartlett took the horse as the property of one Isaac Ricker, on a writ against said Ricker, on the 9th of February, 1846. 3. That the plaintiff, on the 3d day of March, 1846, commenced a suit against Bartlett for the same cause of action, and prosecuted the same to final judgment : thereby electing his remedy against Bartlett, and not against the present defendant. 4. That in the above suit against Bartlett a verdict was rendered and a judgment entered up, at the August term, 1848, in this county, in favor of the defendant.

The plaintiff introduced evidence tending to show that the horse in question was the property of John Brackett,

deceased, a resident of York county, Maine. He produced the letters of administration granted to him by the court of probate for this county, on the estate of the deceased, on the 7th of July, 1846, and letters of administration, granted to him by the court of probate of York county, Maine, upon the estate of the deceased in Maine, dated November 3, 1845. To the last evidence the defendant objected, but it was admitted. The plaintiff also introduced evidence tending to show that the horse was taken by the defendant's deputy, Bartlett, on the 9th day of February, 1846, and that said John Brackett died on the 15th of April, 1845.

The plaintiff, having closed his case, the defendant moved for a nonsuit, because an administrator cannot maintain trespass for taking property of the estate between the time of the decease and the grant of administration, and because a sheriff cannot be made a trespasser by relation. This motion not being granted, the defendant produced a copy of the record of a suit brought by the plaintiff, as administrator, against Benjamin T. Bartlett for the same trespass—the verdict and judgment therein having been against the plaintiff. The defendant contended that this judgment was a bar to the present action, because the plaintiff had once elected to proceed against the deputy to final judgment, and cannot afterwards sue the principal, and because it is conclusive, as a judgment rendered in a suit for the same cause of action. The plaintiff then offered in evidence a copy of the case, drawn by the presiding justice at the term at which the verdict was rendered, and the certificate returned from the Superior Court, to show that the said action was decided upon an incidental matter, namely, the omission of the administrator to indorse the writ in time, and not affecting the merits of the case now in controversy. The defendant objected that the case is no part of the record, and that it did not prove the fact for which it was offered,

and should not be admitted to affect the legal force and effect of the verdict and judgment; but the court permitted it to be given in evidence.

The jury found a verdict for the plaintiff, subject to the opinion of the court upon the foregoing case; and the defendant moved that the same may be set aside.

*Marston* and *Eastman*, for the defendant.

*Jordan*, for the plaintiff.

WILCOX, J. It is objected that the administrator, who is the plaintiff in this case, cannot maintain trespass for an injury committed upon the chattels of the intestate between the time of his decease and the granting of the letter of administration. This is otherwise.

When an administrator is appointed, his interest relates back to the death of the intestate, so far as to enable him to recover the personal property belonging to the estate, and damages for all injuries done to it after the death; otherwise no remedy could be had for an injury to or conversion of the personal property during that period. If there are any authorities to the contrary of this, they are not founded on reason or good sense.

If such is the law, the administrator may count in trespass as well as in trover or case. The objection is, that he had no property at the time of the injury, and that goes to all actions as well as trespass. But by relation back, he has a property. By our statute, any person interested may bring an action for injury to property of an estate, and the administrator may, after his appointment, prosecute the action as such. Rev. Stat., ch. 161, sec. 10. This statute enables any one to maintain an action, though he is not administrator when it is commenced.

The proceedings against Bartlett were no bar to this action. That suit was brought by the plaintiff, and for

the same injury for which this is brought; but was not, in point of form, an action that could be maintained. It was not decided upon the merits of the case, and the matters here drawn in controversy were not reached in that suit; nor is anything that was decided there sought to be litigated anew in the present action. All that was there settled was, that in "an incidental matter, not affecting the merits of the case now in controversy," the case made by the plaintiff was defective.

The questions that did arise, and were settled in that case, were properly proved by a copy of the case made by the presiding judge, and sent up to this court for determition. That case was drawn up in the due course of legal proceedings, and was required by law. This court acted upon it, and nothing else was before the court, in rendering the judgment; and it is referred to in the judgment so rendered, as the foundation of the judgment. It is a part of the proceedings in the case, and is very proper evidence, for it is all the record evidence of the grounds of the judgment.

The proceedings against Bartlett, the deputy, are no bar to this action against the sheriff. The plaintiff may still proceed against either of them. It does not appear that the plaintiff, when he brought the first suit, knew that Bartlett acted as a deputy-sheriff; and if he did, we see no reason why, upon the failure of his first suit, he might not bring his new action against either the sheriff or his deputy. The first suit was not brought by the administrator nor even prosecuted by him in such form that it could be maintained. The defendant in that suit availed himself of the formal defects, by which the action was defeated. It was never duly sanctioned by the administrator in the form required by law, so it cannot be held to bar the administrator of his right.

The defendant is not made a trespasser by relation. He had process against Ricker, and upon that he took the

property of another person. That was a trespass, and an act not justified by his writ; and the only question is, whether the plaintiff is the party who can maintain the action by reason of his interest in the property. *Hills* v. *Hoitt*, Strafford, December term, 1846.

The exceptions must all be overruled, and there must be

*Judgment on the verdict.*